UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEAN F. GROWDEN, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1431-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

1  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2  relief." *Id.* § 1915A(b).

3  A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4  of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
5  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
10 U.S. 662, 679 (2009).

11 To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13 action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
14 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
15 678.

16 Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17 *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
18 content that allows the court to draw the reasonable inference that the defendant is liable for the
19 misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
20 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
22 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23 **III.    Screening Order**

24 The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds
25 that it must be dismissed for failure to state a claim. Plaintiff alleges that he was falsely
26 imprisoned for three days because defendant Sheriff Dean Growden and numerous "Doe"
27 defendants failed to inform him that his parole hold was dropped. He also complains that during
28 his confinement, he was denied adequate medical care and a religious diet, and that he was

"coerced" into resolving his inmate grievances.  As discussed below, plaintiff has not adequately linked any defendant to his federal claims for relief or demonstrated that he was unconstitutionally detained.  In addition, plaintiff's state law claims must be dismissed because he has not alleged compliance with the California Tort Claims Act.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

"The Constitution permits states to deprive a person of liberty as long as the person first receives due process.   The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Stein v. Ryan*, 662 F.3d 1114, 1119 (9th Cir. 2011) (internal quotations and citations omitted).  "[A]n individual has a liberty interest in being free from incarceration absent a criminal conviction." *Lee v. City of Los Angeles*, 250 F.3d 668, 683 (9th Cir. 2001). "Thus, the loss of liberty caused by an individual's mistaken incarceration after the lapse of a certain amount of time gives rise to a claim under the Due Process Clause of the Fourteenth Amendment." *Id.*  Such a claim may arise when the defendants knew or should have known the detainee was entitled to release and (1) the circumstances indicated to the defendants that further investigation was warranted, or (2) the defendants denied the detainee access to the courts for an extended period of time. *Id.*; *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 391 (9th Cir. 2014).   And "[s]ince imprisonment is punitive, officials who detain a person may violate that person's rights under the Eighth Amendment if they act with deliberate indifference to the prisoner's liberty interest." *Id.* at 1118.

Plaintiff does not plead any facts showing that any defendant knew or should have known that plaintiff should have been released from custody.  He also fails to plead facts showing circumstances that should have prompted any defendant to investigate plaintiff's custody status, or showing that plaintiff was denied access to the courts for an extended period of time.

/////

/////

3

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). He must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation. Here, the only defendant identified by plaintiff is defendant Growden, but plaintiff fails to adequately link Growden to any of his claims.[1]

Plaintiff's assertions that during the three days of confinement he was denied adequate medical care and a religious diet, and that he was "coerced" into resolving his inmate grievances, suggests that plaintiff is attempting to assert claims under the First and Eight amendments. If plaintiff chooses to amend his complaint to assert such claims, he must allege facts which satisfy the following standards.

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). If plaintiff intends to assert a

---

[1] Plaintiff's use of Doe defendants is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices, governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial complaint. Should plaintiff learn the identities of the "Doe" parties he wishes to serve, he must promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. Additionally, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.

1 retaliation claim, he must specifically identify the protected conduct at issue, name the defendant
2 who took adverse action against him, and plead that the allegedly adverse action was taken
3 "because of" plaintiff's protected conduct.

4     To succeed on an Eighth Amendment claim predicated on the denial of medical care, a
5 plaintiff must establish that he had a serious medical need and that the defendant's response to
6 that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*
7 *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to
8 treat the condition could result in further significant injury or the unnecessary and wanton
9 infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial,
10 delay or intentional interference with medical treatment or by the way in which medical care is
11 provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

12     To act with deliberate indifference, a prison official must both be aware of facts from
13 which the inference could be drawn that a substantial risk of serious harm exists, and he must also
14 draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if
15 he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing
16 to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate
17 altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,
18 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition,
19 even if some treatment is prescribed, may constitute deliberate indifference in a particular case.
20 *Id.*

21     It is important to differentiate common law negligence claims of malpractice from claims
22 predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.
23 In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not
24 support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.
25 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391
26 F.3d 1051, 1057 (9th Cir. 2004).

27     Plaintiff's allegations also suggest claims that he was denied the right to practice his
28 religion during the period of incarceration. The Free Exercise Clause of the First Amendment

provides, "Congress shall make no law . . . prohibiting the free exercise" of religion. U.S. CONST., amend. I.  Only those beliefs that are sincerely held and religious in nature are entitled to constitutional protection.  *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (plaintiff must show that the activity is both "sincerely held" and "rooted in religious belief"). An inmate's right to exercise religious practices, "may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). Four factors are relevant in determining whether a prison regulation impermissibly infringes on an inmate's constitutional rights: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally"; and (4) the "absence of ready alternatives." *Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (internal quotations omitted).

Apart from the First Amendment, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides that "no [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden furthers "a compelling government interest" by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). "Religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* § 2000cc-5(7)(A). A "substantial burden" is one that imposes a significantly great restriction or onus on religious exercise. *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004).

Further, plaintiff cannot proceed on state law tort claims because he has not alleged compliance with the California Torts Claims Act.  The California Torts Claims Act ("GCA"), requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues.  Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added).  Timely

claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff will be granted leave to file an amended complaint to attempt to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.

Any amended complaint must not exceed the scope of this order and may not add new, unrelated claims. Further, any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. Local Rule 110.

### IV. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: January 31, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8