UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KASEY F. HOFFMAN,

        Plaintiff,

  v.

DEAN F. GROWDEN, et al.,

        Defendants.

No. 2:15-cv-1431-EFB P

ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915A FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint.[1]

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

The court has reviewed plaintiff's amended complaint (ECF No. 12) pursuant to § 1915A and concludes that it must be dismissed without further leave to amend. It alleges that plaintiff was falsely imprisoned for thirty-three days because he was not informed that his parole hold had been dropped. It also alleges that during plaintiff's confinement, he was denied equal protection, adequate medical care, religious rights, and the right to file grievances without retaliation. The amended complaint names Jail Commander Jones, Sheriff Growden, Lassen County Adult Detention Facility, the Lassen County Sheriff's Department, and Lassen County as defendants. As discussed below, the amended complaint must be dismissed because it fails to plead a proper claim for relief against Lassen County, the Detention Facility, and the Sheriff's Department, and otherwise fails to correct the deficiencies identified by the court in its original screening order.

First, the complaint fails to plead a proper claim for relief against Lassen County, the Detention Facility, and the Sheriff's Department because it does not allege that plaintiff was injured as a result of employees acting pursuant to any policy or custom of Lassen County. A municipal entity or its departments is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Moreover, local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). Here, the amended complaint alleges that Jones and Growden were responsible for executing and enacting "policy," but does not identify any particular policy; nor does it allege if or how plaintiff was injured as a result of an employee acting pursuant to any policy. Thus, the amended complaint fails to state a claim of municipal liability.

Second, the complaint fails to correct the deficiencies identified by the court in its original screening order. The original screening order informed plaintiff of the standards governing constitutional claims based on inadequate medical care, religious discrimination, and retaliation. ECF No. 9 at 4-6. It also informed plaintiff of the following:

> To state a claim under 42 U.S.C. § 1983, plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).
>
> "The Constitution permits states to deprive a person of liberty as long as the person first receives due process. The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Stein v. Ryan*, 662 F.3d 1114, 1119 (9th Cir. 2011) (internal quotations and citations omitted). "[A]n individual has a liberty interest in being free from incarceration absent a criminal conviction." *Lee v. City of Los Angeles*, 250 F.3d 668, 683 (9th Cir. 2001). "Thus, the loss of liberty caused by an individual's mistaken incarceration after the lapse of a certain amount of time gives rise to a claim under the Due Process Clause of the Fourteenth Amendment." *Id.* Such a claim may arise when the defendants knew or should have known the detainee was entitled to release and (1) the circumstances indicated to the defendants that further investigation was warranted, or (2) the defendants denied the detainee access to the courts for an extended period of time. *Id.*; *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 391 (9th Cir. 2014). And "[s]ince imprisonment is punitive, officials who detain a person may violate that person's rights under the Eighth Amendment if they act with deliberate indifference to the prisoner's liberty interest." *Id.* at 1118.
>
> Plaintiff does not plead any facts showing that any defendant knew or should have known that plaintiff should have been released from custody. He also fails to plead facts showing circumstances that should have prompted any defendant to investigate plaintiff's custody status, or showing that plaintiff was denied access to the courts for an extended period of time.
>
> An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). He must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

ECF No. 9 at 3-4.

Like the original complaint, the amended complaint does not adequately link any defendant to plaintiff's federal claims for relief or demonstrate that plaintiff was unconstitutionally detained. The amended complaint names Jones and Growden as defendants

3

solely because they are supervisors who allegedly enact and execute policy for Lassen County. ECF No. 12 at 1, 2-3. There are no factual allegations showing how either one of them was personally involved in violating plaintiff's rights. Moreover, the amended complaint once again fails to plead any facts showing that either defendant knew or should have known that plaintiff should have been released from custody. It also fails to plead facts showing circumstances that should have prompted any defendant to investigate plaintiff's custody status, or showing that plaintiff was denied access to the courts for an extended period of time. For these reasons, the amended complaint fails to state a claim upon which relief could be granted.

Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is unable to state a cognizable claim for relief. Therefore, this action should be dismissed, without further leave to amend, for failure to state a claim upon which relief could be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that the amended complaint (ECF No. 12) is dismissed for failure to state a claim upon which relief may be granted and the Clerk is directed to close the case.

DATED: May 4, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4